The court now calls case 120-377 James Kakos, etc. et al. v. Jerry Bauer, etc. et al. Are you ready to proceed? Happily ready? May it please the court, counsel. My name is David Axelrod. I represent James and Helen Kakos, who filed a medical malpractice case in June of 2015. The issue before this court is whether Section 10 of Public Act 98-1132, which provides for six-person juries in all civil cases, whether or not that's constitutional under Article I, Section 13 of the Illinois Constitution. There are three questions, ultimately, before this court. The first question is whether under the Constitution a six-person jury is constitutional. If so, the second question is whether or not the General Assembly has the authority to, in fact, pass a six-person jury, or whether or not it's a judicial authority solely. And the third issue is whether or not the amended Section 211-05B, which provides for six-person juries, is an unconstitutional usurpation of Supreme Court authority, i.e., is in such conflict with Illinois Supreme Court Rule 285 as to preclude the legislature, the General Assembly, from having passed the six-person jury. First, I'd like to address the issue of whether or not a six-person jury is a constitutional under Article I, Section 13. Article I, Section 13 provides, quote, the right of trial by jury as heretofore enjoyed shall remain inviolate. As we've pointed out in the brief, there is no specific number stated in the Illinois Constitution. So the issue in this court for this case is whether in reviewing the history prior to the 1970 Constitution, did a jury trial require 12 people, or is a lesser number, six people, sufficient to serve the purposes of a jury? The defense says that the exact number of 12 is sacrosanct, and we suggest it is not. The purpose of a jury has been discussed in any number of cases by this court. But specifically, in the case of People X. Rel. Daly v. Joyce, this court talked about the history of juries and the purpose of juries. And specifically said, going all the way back to the English Revolution of 1689, that the purpose was to protect citizens from government oppression. And in fact, in the Daly case, this court stated, when we speak of jury rights as they existed in the common law, we are encompassing more than a concept of 12 unanimously deciding issues of fact. We are speaking also of centuries of struggle where Englishmen and colonists asserted an ancient liberty to protect themselves from the arbitrary power of the state. We suggest, and have suggested, that a six-person jury, in fact, serves the exact same purpose as a 12-person jury. And in honesty, I don't pretend to be an appellate lawyer. I've argued appeals before. But I do believe that I'm a trial lawyer, and I've handled many, many trials. And I've handled trials in front of six-person juries and in front of 12-person juries. And in honesty, when I come back from court and I'm asked what the jury's thinking, I'm not thinking whether or not it's six people or 12 people. The case is conducted the same way. The only difference is you have to pick six jurors instead of 12 jurors. And so consequently, whether or not there are six people on the jury or 12 people on the jury, the purpose of a jury, which is to protect from the arbitrary power of the government, and to allow, in a civil case, a person who is bringing a lawsuit and defending a lawsuit to have a jury of their peers, still has a jury of his or her or the corporation's or the entity's peers of six people who come from a veneer from that particular county. And so consequently, the issue of is the public, is the person, is the citizen being protected? The citizen is still being protected by a jury of six as well as 12. That sounds like kind of a policy argument. Could the General Assembly reduce that to three or two or one? I don't believe so. I'm not exactly sure what the exact right number would be, but I think it's up to the General Assembly, and I'll get into the issue of the General Assembly's authority in a couple minutes, but I think it's up to the General Assembly to determine what the right number is so that we can have a jury that is a jury of your peers. Clearly, one would not be. That's not a jury. That essentially becomes a bench trial. Two probably would not be either. I know that the U.S. Supreme Court has determined that six serves a purpose, and the Bailu case determined that five would not serve the purpose, and that the issue of whether five, four, three, or two is not before this court. The issue at this point is whether or not six is before this court. Mr. Axelrod, doesn't the plain language of the Constitution require preservation of a right to a jury as heretofore enjoyed? It does. And what does heretofore enjoyed mean? Well, this court in Bailey also responded and defined that, and let me turn to the page. It said, in quoting from People v. Raab, we have construed these words, this is the heretofore enjoyed, to mean the right of a trial by jury as it existed under the common law and as enjoyed at the time of the adoption of the respective Illinois constitutions. And I would suggest, Justice Byrd, that in fact at the time that the 1970 Illinois Constitution was passed, this court had already determined that six-person juries did in fact satisfy the Constitution. Are there any debates that's in the 1970 Constitution debates support that idea, that the legislature could mandate a six-person jury? In all honesty, there are not. The debates, as I'm sure you're aware, initially provided for amendment or a change to the language in the right to a jury trial, and then that was voted down later on and the language remained the same as it had been from the 1870 Constitution. But my response to that would be, when the 1870 Constitution was passed, it was well known that a jury was only 12 men. And only, as was discussed by this court in the Traeger case, in 1870, only 12 men were deemed to be qualified, and no women were deemed to be qualified in 1870 to sit on a jury. And during the 1920 Constitutional Convention, there was even argument about whether or not women had the capability or desire to sit on a jury. And as I think we all know, there were many, many years of suffrage until women were entitled to vote. And then ultimately, by statute, in spite of the fact that everybody knew, and this court had actually said 12 men was what constituted a jury, by statute, the Illinois General Assembly passed laws that allowed women to sit on a jury. And in 1937, this court determined, in the Traeger case, that in fact, women, which was considered to be a substantive issue at that point, and a substantive element of the jury, that a jury would only be 12 men, in 1937, this court determined that no, women were entitled to be on a jury, and in fact, should be on a jury, and have been on juries ever since. And so consequently, I would suggest that whatever they may have been thinking during the Constitutional Convention in 1970, does not mean that as time goes on, this court doesn't have the authority, and that the General Assembly doesn't have the authority to say, well, there is a change. As society changes, there is a basis for changing the interpretation of what the right to a jury trial would be. So basically, you're trying to get to the point about what is essential, perhaps, about the make-up, the words trial by jury. You've argued that the earlier Constitution said trial by jury by 12 men, and this court, I believe, finding that the aspect of the gender of the jurors had something to do with the qualifications of the jurors. But then, we know that through the years, over and over and over again, in many different contexts, this court reaffirms, states, in many different contexts, that the right to a trial by jury is a jury of 12 people. In a number of cases, the court uses that expression, a jury of 12. How do we deal with the fact that this principle of 12 has seemed to be deeply embedded in this court's jurisprudence? I would have two answers to that, Justice Tice. First, I would suggest that in none of those cases was the issue whether or not a six-person jury satisfies the Constitution before the court. In each and one of those cases, and we can go through each of the cases, and I did in my reply brief, there was a different issue, for example, whether or not the state had a right to a jury trial in one of the cases, and whether or not when a party has made a jury demand for 12, which at the time in the Hargraves case was entitled, and one juror left because of injury, whether or not in a procedural perspective, since there was a jury demand for 12, whether or not 11 was sufficient, and this court decided in the Hargraves case that 11 wasn't sufficient. But in no case in the history of the state of Illinois has it ever been considered, the issue ever been considered by this court, is six sufficient to satisfy the Constitution? There is dicta in a number of cases that says a jury should consist of 12. But there is also in a number of cases language that specifically says that a jury trial does not have to remain staggered, that the elements of a jury trial can, in fact, be changed over time, so long as the basic purpose of the jury remains the same, and the basic purpose of the jury is to protect the public against the government, as I read earlier. The second thing I would say about that is, as we argued in our briefs, in 1964 this court issued the predecessor to Illinois Supreme Court Rule 285, and in 1967 the General Assembly passed the predecessor, Section 21105B, it was a civil practice act at the time, to the new change in the statute pursuant to Public Act 98-1132. And the language in both of those is really interesting. For Illinois Supreme Court Rule 285, this court issued the rule that says, a small claim shall be tried by the court unless a jury demand is filed by the plaintiff at the time the action is commenced, or by the defendant not later than the date he is required to appear. There shall be six jurors unless either party demands 12. Isn't that the big difference? And I would say it's not, and here's why. I also want to ask, you replied to Justice Burke's question earlier, that this court had already approved a six-person jury. Is Rule 285 what you're referring? It is. Or is there anything else? With respect, there's no court decision that approves a six-person jury, because there's never been a case before this court, that specifically asks the court, does a six-person jury satisfy Articles 1, Section 13 of the 1970 Constitution, or any of the prior constitutions. So continue on with your discussions. Thank you, Your Honor. If, in fact, the language of 285 and the prior Section 1105B said more to the point that a party is entitled to a jury of six, I mean entitled to a jury of 12, but could choose six and pay a lesser fee, I would then agree with you that this court has not said that six is sufficient. But when this court says the jury shall be six people, even if there's a choice of 12, when in a small claims case, John Smith or Jane Smith goes and files a case for, actually at the time this was passed initially, it was only for $200. So I would suggest that this court has been changing the right to a jury trial because it's increased the amount several times since 1964. And the legislature, the General Assembly, has increased the amount incumbently over and above what the Supreme Court has ruled and has issued since 1967, when the language is, it shall be six jurors. If John Smith or Jane Smith goes in and gets, there's a form, like I've looked at the form in the municipal county court, and it literally has, first it has bench trial and it has six-person jury and it has 12-person jury. How does that person know that they have a constitutional right to 12 people and how is it they are making a knowledgeable waiver of their right to 12 people and that this court, the Illinois Supreme Court, and the Illinois Constitution provides that 12 is what a jury is and six isn't really a jury, even though you have an Illinois Supreme Court rule that says you can have a jury of six and you have an Illinois statute that says, as part of the Code of Civil Procedure, you can have a jury of six. So when this court issues its rule in 1964, six years before the 1970 Constitutional Convention, saying a jury shall consist of six, I think that's an acknowledgment by this court, that in fact a jury of six satisfies the constitutional requirement for a jury being held inviolate. And so consequently we suggest that this, there's now 50 years of history in this state in which juries of six have been sitting in civil cases and nobody's ever suggested that those six-person juries don't satisfy the Constitution. And so consequently we would suggest that in spite of the fact that prior to 1970 there are cases that go through and list the elements of a jury and say size is one of those elements, that in fact under those same cases and under now Illinois Supreme Court Rule 285 and the prior section, 1105B, which is being amended by Public Act 981132, that in fact a six-person jury has been constitutional and in use in this state now for 50 years. But in that instance, if the plaintiff asks for a six-person jury, the defendant's not bound to have a six-person jury, right? That's correct, the defendant... So the only way you get a six-person jury is if both sides agree, is that right? That's absolutely correct. I mean if someone, if there's any objection, it's a 12-person jury. That's correct, but with all due respect I'm not sure, in a sense I think that might miss the point, at least the argument I'm making, which is that once this court says, uses the word shall be six jurors, this court is putting its imprimatur on a six-person jury being constitutional. And why should a jury size be any different for a $200 case or a $10,000 case or a $10 million case? And I can tell you just from personal experience that from my perspective when I've tried cases, whether it's a... When it's a multi-million dollar case, I'm not really thinking, well should this be a 12-person jury or a six-person jury and is there a constitutional element to it? When I'm picking a jury of six and that's what the court's requiring, I've tried cases in federal court and in other states where it was six people and not 12, then that's a jury. And that serves the same purpose that the Illinois... This court has said is the purpose for juries, which is the protection of the public from government intervention and improper exercise of government power. You've talked quite a bit about the purpose of the jury, but are we here to determine what the purpose is or are we determined what the Constitution means in the end? We're here to determine what the Constitution is. Can you talk about waiver? Of course, we condone waiver of constitutional rights regularly in criminal proceedings. And, of course, here there can be a waiver of whatever constitutional right there may be is ultimately determined. There can be a waiver of a constitutional right. I'm not suggesting otherwise, and there's a number of cases from this court that specifically say there can be a waiver. But those same cases, which are pretty much in the criminal context, all say that it has to be a knowing waiver. And essentially the defendant is the only one who has the right to a jury trial in a criminal case, unlike both parties or all parties in a civil case. The defendant has to be specifically advised, what is your right to a jury trial, whether it's a 12 or 6 or 10 people, whatever. And what I'm suggesting is that the way Illinois Supreme Court Rule 285 has been issued by this court in the prior section 1105B of the Code of Civil Procedure don't actually give that choice and don't give that knowledge to the individual who is saying, I'm willing to take 6 instead of 12. And consequently, from that perspective, when I as a litigant go into court and I choose 6, all I know is I'm picking a jury of 6 and it's less expensive. And I'm not understanding at any time that by picking 6 instead of 12, I'm giving up my right to 12 that's secure to me under the Constitution. So that's why I suggest it's not a knowing waiver. I'd like to spend my last couple of minutes on the issue of the authority of the legislature. There's a number of cases from this court that indicate and set forth that the legislature, as well as the court itself, has the power to administer and issue rules and laws with respect to the administration of the court. And as I pointed out in our reply brief, there are a number of them in the Code of Civil Procedure that involve peremptory challenges and adverse testimony and special interrogatories. The General Assembly has passed a number of laws that affect jury trials and are substantive, I would suggest. Is there any evidence that the delegates to the 70 Constitutional Convention believed that the legislature had the authority to reduce the size of a jury? There is some evidence that at least some people in the Constitutional Convention did not believe that the Constitution specifically set out that authority, which is why the one amendment was proposed and then withdrawn. If you look at the language of the Constitution, the Constitution doesn't say specifically. And the case law that's been issued by this court very specifically says that the General Assembly does have power to, in fact, pass laws that affect the operation of the judiciary, so long as they don't conflict with what the Supreme Court has issued and Supreme Court rules. So then the question is, what happens if they do conflict? And I understand my time is up, but I want to answer your question. When they do conflict, and there's a number of cases, say, for example, the Best case and the Kunkel case, where this court determined that the rules with respect to medical records interfered with and conflicted with discovery rules that were issued by this court. We would suggest that the six-person jury does not, in fact, conflict with Illinois Supreme Court Rule 285. And also suggest in conclusion that this court has said when there is a conflict, the court should look to make sure and try and rule that there isn't a conflict. It's within the authority of this court to, in fact, do that. My understanding is the reason that the six-person jury was approved by this court back in 1964 was for smaller cases. At that point in time, it made sense to have smaller juries. This court has the authority and the power to say, we're not going to hold that they're in conflict and could, in fact, change the Supreme Court Rule 285. To be consistent, if this court determines that a jury trial, from a constitutional perspective, which we believe it should, consists of six people and that that satisfies the requirements of the Constitution, then with respect to the alleged conflict between Supreme Court Rule 285 and the revised Section 1105B of the Code of Civil Procedure, that this court then should go ahead and take the steps to assure that they don't conflict. Thank you, counsel. Thank you. Thank you. May it please the court, Madam Chief Justice, morning, Your Honor, counsel, Robert Chemers for the defendants at police, with me on the brief, my partner, Peter Siragelis, Julie Tushar, and Karen DeGrande, who I don't believe is here today. Mr. Axelrod mentioned three questions. It's a six-person jury constitutional. Can the General Assembly change the number? And does the amendment to the Code of Civil Procedure conflict with Rule 285? The first question can be answered, maybe. The second question, no. And the third, yes. But that's not enough to ask this court to affirm. The circumvention of history, as mentioned throughout the plaintiff's brief and their argument now, shows a disregard of numerous decisions of this court that a jury is comprised of 12 persons. Justice Tice, you asked about the essential elements. Each case which has addressed the propriety or the number of a jury or the proper jury has said it's 12 people. The essential elements were specifically identified by a panel of this court in Traeger as 12 qualified individuals sworn to listen to the evidence under the supervision of a judge. Each panel of this court that looked at a jury that involved less than 12 held it was a deprivation of the right to trial by jury and it had an unfair result that needed to be changed. Hartgrave said 11 was no good. Hartgrave involved the situation where a juror on the last day of trial could not fulfill her obligation to the jury. The defendant moved for a mistrial. The trial court said no. The panel of this court said new trial. The defendant was deprived of his right to a trial by jury, which is a trial by a jury of 12. 11 was no good. In 1924, a panel of this court in Povlitz said a damage assessment by a jury of 8 was not proper because a proper jury was 12. The plaintiffs would say historical accident that it's 12. They talk about the 12 tribes of Israel, the 12 days of Christmas, the 12 hours on the clock, all the things about 12. The fact is historical accident. It's remained uninterrupted for more than 800 years. There is no justification, and none has been offered by the plaintiffs for cutting the umbilical cord that ties the form and size of the jury to the past. It itself is a compelling reason for maintaining the number on the jury. They talk about the number 12, according to the U.S. Supreme Court in Williams v. Florida, had significance only to the mystics. Well, look at Article I, Section 13. The right of trial by jury, as heretofore enjoyed, shall remain inviolate. It's 12 words. by the framers in 1970. What did they do? They adopted the Constitution from 1980, 1870, I'm sorry, and excised the words that related to the outdated justices of the peace. And at that time in 1870, it's 12 persons on the jury. In 1970, it was 12 persons. Justice Burke, you asked if there was any discussion during the debates about juries of less than 6. The only discussions were there was no power for it and that a jury of less than 12 could be by consent because it was neither statutory nor constitutional. Chairman Elmer Gertz had indicated at that time that juries were comprised of 12 persons in civil cases or criminal cases, and anything less would be unconstitutional. That's how it ended in 1970. Could you give us a little bit more, sir, on the debate there? We're told there was an amendment that specifically appears to pretty clearly engage this specific issue as to the reduction in the size of the jury. What happened to it? I've heard today we were told it was withdrawn. I've seen the expression someplace it was passed but not approved. I think it was defeated. I think we have part of the transcript of the 1970 Constitutional Convention in our appendix, and they went back and forth on that. I imagine there was a lot of horse trading going on with respect to where they were headed. But the bottom line was the discussion was it would be 12 persons on a jury. The argument that Chief Justice asked this question to Mr. Axelrod about whether there was any evidence that the General Assembly had the authority to change the language of the Constitution to include that, their argument was that because the framers decided not to include language in the Constitution that the number could be changed, that that was implicit that the legislature had the power to change the number. We would submit that history has shown that the framers in 1970 did not have the power to change the Constitution to reduce the number of jurors, and they did not have that power in December of 2014 when this amendment was passed. The cases that have looked at this have all looked at the fact that a proper jury is 12. Justice Burke, you asked a question about the words, as heretofore enjoyed. As early as 1897 in George v. People, a panel of this court, recognized that the words, as heretofore enjoyed, meant at the time of the adoption of the Constitution. Well, which one? 1818, the language was, shall remain inviolate. 1848, shall remain inviolate. 1870, where the, as heretofore enjoyed, language was used. A panel of this court in 1897 said, look at Webster's. Webster may have been alive then. He may have still been writing his dictionary at that time. And they held that the words, as heretofore enjoyed, meant in times before the present, formerly. And a panel of this court in 1897 said it is necessary to go back to the common law of England. The other courts that have looked at that language have also said the same thing, which is why I said the plaintiffs are ignoring the 200 years of jurisprudence from this court. In fact, this court has held, with respect to a constitutional issue such as this issue, the court is to look to the Constitution, to the debates, and to 200 years of jurisprudence. A panel of this court in People v. Kabbalah said, you don't look on a constitutional analysis, you don't look to trends in legal scholarship. You don't look to decisions from other states. In fact, the plaintiffs themselves have abandoned the argument that look to the other states. Page 11 of their reply brief says, other states are irrelevant. You don't look to a desire to bring about a change in the law. Justice Carmier, you asked about public policy. Public policy plays no place in the constitutional analysis for this court to conduct. The plaintiffs have also abandoned their argument that public policy applies. At page 12 of their reply brief, they have a heading. For page 13, they have a heading that says, public policy is irrelevant. But if you want to look at it, then this is what it says. Deference to the decisions of the Supreme Court of the United States also play no part in the constitutional analysis. What you do is you look at the language used, look at the Constitution, and you look at the debates and 200 years of jurisprudence. No Illinois court has held that a jury of six satisfies the Illinois Constitution in a civil case. There's no decision on that. However, this court's Rule 285 recognizes that there is a right to trial by jury of 12 if you want to. Otherwise, in a small claim, it's a jury of six. Either the plaintiff or the defendant can request a jury of 12. Now, the amendment to 21105B of the Code of Civil Procedure says all jury trials in Illinois in civil cases are by six. You can't square that amendment with this court's Rule 285. Although Rule 285 addresses small claims, they are civil cases. Civil cases must have a jury of six. But this court says you could have 12 if you wanted. I would submit that the General Assembly, in enacting 98-1132, which became 21105B of the Code, did so by an impermissible encroachment on this court's sphere of authority. We have separation of powers in Illinois. No mistake about that. Article II, Section 1 of the Constitution. We have the legislative, the executive, and the judicial branch. No branch shall use the power that belongs to the other. Well, this court has primary power with respect to matters of judicial administration. The legislature can also pass or promulgate laws which affect the conduct of trials, but not the essential elements of a trial. Where there's a conflict between a statute, such as the Code of Civil Procedure, and a Supreme Court rule. The Supreme Court rule prevails. That's what Justice McMurrow, writing for the court in Best v. Taylor Machine, held. And that's what Justice Nichols in the Kunkel case held. Kunkel was the first so-called tort reform case back in the 1990s. It was 1997. And when that case was decided, I argued Kunkel. I represented Dr. Walton in that case. When that case was decided against tort reform, that is, the codification of the so-called Petrillo Doctrine in 21103 of the Code, had to fall with respect to Supreme Court Rule 201, Governing Discovery. It was pretty clear where tort reform was headed. And then Justice McMurrow, I believe, authored the decision in Best v. Taylor Machine that came down one month later, in December of 1997, over 100 pages, that basically was the death knell of tort reform at that time. So the law is pretty clear in Illinois. If there's a conflict between a statute, such as the Code of Civil Procedure, and a Supreme Court rule, the rule prevails. What the plaintiff says, and remarkably so, in the last page, I think it's the last paragraph of their reply brief, is that where that conflict exists, and they cite Kunkel, but it's not in Kunkel, that the court is to conciliate between the rule and the statute. Well, it's not in Kunkel, and that's not what the court held in Kunkel. They held if the statute does violence to the Supreme Court rule, the statute falls, the rule prevails, pure and simple. It is an impermissible encroachment on the court's sphere of authority. The argument that People v. Williams from the First District held that it was constitutionally permissible to have a six-person jury is just plain wrong. Williams is a, first of all, it's an appellate decision. It doesn't really matter what it says. This court can choose not to follow it. It's also, it's based on the federal constitution, and this court has held on a number of occasions that when looking at the Illinois Constitution, the decisions from the Supreme Court of the United States, or decisions involving the Sixth or Seventh Amendments with respect to jury rights, are irrelevant. They don't apply because Illinois looks at the jury right differently under its constitution than the federal constitution in the Seventh Amendment. This court recognized federal law as irrelevant, yet the plaintiffs rely on two U.S. Supreme Court decisions, Williams v. Florida, Kohlgrove v. Batten, both of which involved six-person juries. This court rejected that argument, and I'd cite the court to the 1931 decision in People v. Kelly or the 1988 decision in People, Exrill, Daley v. Joyce, where, in Joyce, this court said, the Illinois guarantee to trial by jury differs substantively from the federal right, that this court said you should give our state constitutional provision meaning independent of the construction the federal courts have placed on the jury trial provisions of the federal constitution. They're different. The recognition by a panel of this court in 1939 in Traeger that women serving on a jury will not abridge, restrict, or impair any of the essential elements of trial by jury as guaranteed by the constitution makes eminently good sense from the standpoint that this court said there's a difference between the substantive right to trial by jury and the procedural aspects of that right. Who sits on the jury is a procedural aspect, men or women. How many, it said, is a substantive right, and that would be 12, because anything less, this court said, was an improper panel. The elements were specifically recognized by that court at that time as being 12 impartial, qualified jurors who would unanimously decide the facts and controversy under the direction, and they used the word, and superintendence of a judge. Lesser juries in Povlitz and in Hartgrave were struck down. We would submit to the court that the legislature cannot alter the substantive right to trial by jury of 12, no matter how reasonable the restriction imposed. When you get into how reasonable a restriction is, it goes to a substantive aspect of the right. It may be reasonable to have six, but that fails to recognize that 12 is the substantive aspect of the right to trial by jury as recognized by our constitution. The cases relied on by the plaintiffs do not hold the legislature may substantively alter the right to trial by jury. Those were statutes that dealt with the timing of a jury demand or the payment of a fee for a jury demand, which various panels of this court in the last 100 years have held are procedural components of exercising the right to trial by jury. And the court held it's a reasonable constitutional restriction on procedure to have a time requirement for making a jury demand. It doesn't go to the substantive right of a jury of 12. The construction preserves the substance of the right, not the details of the methods to exercise the right. And again, the public policy behind six, it's less people, it's less people being away from work, it's less expensive if that's even an issue any longer, is irrelevant. This court has held the purpose behind the statute is irrelevant. Public policy is irrelevant. The plaintiff, again, at page 12, they have a heading in their reply brief that public policy is irrelevant. The purpose of the statute, goes back to Justice Carmeier's question, has no place in the constitutional analysis. This court, panel of this court in Best v. Taylor and Machine said, declare the statute invalid when it violates the constitution, no matter how desirable or beneficial the legislation may appear to be. Whatever the purpose behind having six-person juries in civil cases in Illinois, frankly, is irrelevant. If it was tied to have less people and pay them more, have less people, and it's less of a strain on employers or whatever, it doesn't matter. Because the public policy behind it is not factored into it. It is a substantive right that the legislature did not have the power to alter. If this court were to find that there is no substantive right to a trial by jury of 12, which frankly would be a remarkable result, there is another basis to strike down and approve the decision of the Circuit Court of Cook County,  I don't think that there's any question that the enactment of 98-32 was an impermissible encroachment on this court's sphere of authority with respect to rulemaking governing trials in this state. The legislature can promulgate laws which involve procedure. So far as the laws complement the authority of this court, or that have only a peripheral effect on court administration. Otherwise, according to a panel of this court in Kunkel, this court has the primary constitutional authority with respect to court administration. Now, if we look at the reduction of jurors to six, as set forth in 211-05B, that is not a law which complements the authority of this court. In fact, it's directly inconsistent and contrary to this court's power. That's one basis of striking it. Or it doesn't have a peripheral effect on the court administration. It goes to the essence of court administration. This court said, you're entitled to a trial by a jury of 12 and a small claim. If one of the parties wants it, otherwise it will be six. They can't stand together. And if they can't stand together, this court's rule must prevail. That alone is a basis for using the separation of powers as a means to determine the unconstitutionality of the amendment. I would point out that the circuit court judge, Judge Gomolinsky, wrote a 27-page memorandum of opinion and order, striking the amendment, finding it unconstitutional, and I think he should be commended, no matter how this court decides, for taking the time and the effort to put the 27-page memorandum of opinion from a busy circuit court judge. Many of your honors were circuit court judges. You know how difficult that is, and it is to be commended. That having been said, it was also right. And for those reasons, we'd ask this court to affirm and decide that the amendment to the Code of Civil Procedure is unconstitutional. Are there any questions? There don't appear to be any questions, counsel. Thank you. Mr. Chemers contends that if this court were to find the six-person jury constitutional, that that would be in contravention of 200 years of Supreme Court history. And my response to that is this court has never had the issue of whether or not a six-person jury is, in fact, constitutional under the 1970 Constitutional Article I, Section 13. And in every single case that has talked about the elements of a jury, the issue was never before this court as to how many jurors were necessary and whether or not a six-person jury was necessary in order, or a 12-person jury was necessary in order to satisfy the Constitution. The only case that specifically on a civil basis talks about the issue of 12 since the 1970 Constitution has been passed is the Hargraves case. In the Hargraves case, the defendant had filed a jury demand of 12. And towards the end of the trial, one of the jurors got sick and had to leave the jury. And the defendant moved for a mistrial because the defendant had a jury demand of 12 at that time, which is what the defendant was allowed to have at the time. This court specifically ruled that because the defendant had demanded a jury of 12 and at that point refused to agree to proceeding with 11, that that, in fact, was a violation of the right to a jury trial at that time because at that time there was an appearance form and a jury demand that said 12. The court did not say in any place in Hargraves that, in fact, 11 would not satisfy the Constitution or 10 would not satisfy the Constitution or six would not satisfy the Constitution. What the court specifically said was because there had been a jury demand of 12, the defendant at that time was entitled to 12. And when one left the jury, the defendant was entitled to ask for a mistrial and a mistrial should have been granted. It's our position, as I stated before, that juries of six had been constitutional and had been allowed under the Illinois Constitution since 1964 in this state. At that point in time, a few years before that, justices of the peace were abolished and this court took it on itself to make the determination that the juries in small claims court cases shall be six, gave the option of 12, but said and directed that the number shall be six. And I would go back. I'm not talking the public policy for passing 098, 11, 32, but I'm talking about the policy and the reason why we have juries in the first place. And the question, I believe, for this court in determining the constitutionality of 98, 11, 32 and the six-person jury is whether or not the six-person jury in fact fulfills the purpose of juries that go all the way back to the 15th century. And the purpose of juries, as this court has determined, as well as the U.S. Supreme Court has determined, is to protect against government intervention and improper use of government power. Six-person juries do that same thing as well as 12-person juries. And the General Assembly has made that determination. And that brings me to the question, does the General Assembly have the power to have issued the new tool, 1105B? And I would suggest two things about that. First, I would point the court to its decision in Traeger where it wrote as follows, the right of the General Assembly to restrict, abridge, deny, or enlarge the right and duty of jury service cannot be denied. This statement, of course, is subject to the recognized qualification that any classification cannot impair the essentials of a trial by jury, is guaranteed by the constitution, nor be arbitrary, nor deny the equal protection of the law. And I would suggest that the amendment of 21105B to allow for six-person juries in civil cases is not arbitrary, does not deny equal protection of the laws, and does not interfere with any classification with respect to the substantive right to a jury trial. And again, I would analogize it to the Traeger case back in 1937 when this court, after hundreds of years of history, believed that only men could sit on the jury, determined that actually that didn't make sense, and that women were qualified to be jurors as well. It was considered a substantive issue at that point in time until 1937, and this court made the determination, as did courts throughout the country, that it was obviously discriminatory and not appropriate for juries not to include women. With respect to the General Assembly's authority, the Traeger case makes it clear that the General Assembly has authority, and the General Assembly has already issued a statute before 981132 that discussed and determined the size of juries, specifically the predecessor, Section 1105B, which provided for cases up until 2015 when the amendment was made. It provided for cases up to $50,000, where this court was only saying $10,000, that you could have a jury of six. So the legislature of the General Assembly had already passed legislation that specifically was with respect to the number of jurors that could sit on a jury. And nobody ever challenged and said, well, because it's more than the $10,000 number, or whatever the number was at the time that this court had passed in its rule, that somehow the General Assembly had gone past its authority in saying, well, let's increase that up to $50,000 or whatever number was in effect as the years went by from 1967 until 2015. So whether or not the General Assembly has authority to legislate with respect to the number of jurors has been in effect since 1967 because the General Assembly has been doing that since 1967. Finally, with respect to the alleged conflict between amendment to 1105B that requires six-person juries in all civil cases, I would refer you to the Berger case decided by this court, where this court said, quote, if a statute conflicts with the rule of the judiciary, a court will seek to reconcile the legislation with the judicial rule wherever reasonably possible. Clearly, there's no conflict for any case over $10,000 between 1105B that provides for six-person juries and Illinois Supreme Court Rule 285. Does this court have the power to, in fact, make sure that the 285 is reconciled with the legislation? Absolutely it does. This court has already determined that six-person juries are sufficient under the Illinois Constitution, under Article I, Section 13. This court then has the power, and we suggest should, go ahead and interpret Rule 285 so that it's consistent with the amendment to 1105B, finding for six-person juries. So we would ask that you hold that Public Act 98-1132, Section 10, which provides for six-person juries in all civil cases, be held constitutional. Thank you. Thank you, counsel. Case number 120377, James Kacos et al. v. Jerry Bauer et al. will be taken under advisement as Agenda Number 4. Mr. Axelrod, Mr. Chambers, thank you for your arguments this morning. You're excused at this time. Marshal, the Supreme Court will stand in recess until our 2 p.m. memorial service.